UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS OCAMPO, ) | |
| ) | Case No. 21-cv-5264 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| REVENUE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Because pro se plaintiff Carlos Ocampo does not have standing to sue the Illinois Department of Revenue ("IDOR") defendants, the Court does not have subject matter jurisdiction to consider his claims. As such, the Court grants defendants' Federal Rule of Civil Procedure 12(b)(1) motion to dismiss this lawsuit [11]. Civil case terminated.

## BACKGROUND

Construing his pro se allegations liberally, *see Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), Ocampo seeks to bring a civil rights class action lawsuit against the director and policy advisor of the IDOR in their official capacities and against the IDOR itself under 42 U.S.C. § 1983. In his pro se complaint, Ocampo alleges that the 2016 geographical transfer of the Chicago Collections Division to Springfield resulted in a loss of minorities in the IDOR workforce. More specifically, Ocampo maintains that the transfer resulted in the number of minorities working for IDOR to drop by 7 percent of the total workforce. Ocampo also alleges that in May 2021, the IDOR filled sixteen vacant positions formerly held by the Chicago Collections Division. Viewing his pro se allegations broadly, Ocampo seeks to invalidate IDOR's affirmative action plans because he considers them tools for the racial gerrymandering of IDOR jobs.

**LEGAL STANDARD**

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021); *International Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor when a defendant has facially attacked standing. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

**Discussion**

Ocampo does not have standing to bring his claim against IDOR or its officials. To clarify, "Article III of the Constitution limits the federal judicial power to deciding 'Cases' and 'Controversies'" and "as an essential part of a federal court's authority under Article III, [the] standing doctrine ensures respect for these jurisdictional bounds." *Prairie Rivers Network,* 2 F.4th at 1007. To establish standing under Article III, Ocampo must show: (1) he suffered an injury-in-fact; (2) that is fairly traceable to the defendants' conduct; and (3) that is likely to be redressed by a favorable judicial decision. *Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 729 (7th Cir. 2020) (Barrett, J.).

Here, Ocampo cannot establish the injury-in-fact component of Article III standing, which requires that the harm be "concrete and particularized" and "actual or imminent," *see Prosser v. Becerra*, 2 F.4th 708, 713 (7th Cir. 2021), because he admits that he has not sustained any injuries due to defendants' conduct in relation to the transfer of the Chicago Collections Division to Springfield or the filling of the sixteen vacant positions. Also, he is still employed by IDOR. Ocampo's argument that he has standing to sue because IDOR's affirmative action plans will force him to move to Springfield if he gets a promotion is too speculative to amount to a concrete and

particularized harm. *See Gill v. Whitford*, ___ U.S. ___, 138 S.Ct. 1916, 1929, 201 L.Ed2d 313 (2018) ("A federal court is not 'a forum for generalized grievances.'") (citation omitted).

Further, Ocampo cannot bring § 1983 claims against IDOR or its officials acting in their official capacity because they are agents of the state, and thus not subject to liability under § 1983. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Jones v. Cummings*, 998 F.3d 782, 784 (7th Cir. 2021).

The Court further notes that because Ocampo is proceeding pro se, he cannot adequately represent a class of similarly situated individuals. *See Howard v. Pollard,* 814 F.3d 476, 478-79 (7th Cir. 2015); *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure § 1769.1 (2d ed. 1986) ("[C]lass representatives cannot appear pro se."); *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself.").

Finally, in his response brief, Ocampo mentions that IDOR's director placed him on paid administrative leave shortly after he filed this complaint on October 5, 2021. Any such Title VII employment discrimination or retaliation claims must first be exhausted. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) ("Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter."). Therefore, these claims are not properly before the Court.

IT IS SO ORDERED.

Date: 12/10/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

3